ACCEPTED
14-13-00272-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/31/2015 10:56:02 PM
CHRISTOPHER PRINE
CLERK

Case No. 14-13-00272-CV

BENJAMIN K. SANCHEZ

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR SOUNDVIEW HOME LOAN
TRUST 2006-OPT4, ASSET-BACKED
CERTIFICATES, SERIES 2006-OPT4,
AMERICAN HOME MORTGAGE
SERVICING, INC., and REAL TIME
RESOLUTIONS, INC.

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
7/31/2015 10:56:02 PM
CHRISTOPHER A. PRINE
Clerk

IN THE FOURTEENTH

COURT OF APPEALS OF

THE STATE OF TEXAS

# Appellant's Motion for Rehearing of Motion for En Banc Reconsideration

1.    Appellant BENJAMIN K. SANCHEZ submits this motion for rehearing in response to the Court's denial of *Appellant's Motion for En Banc Reconsideration* on July 16 2015. This Motion is submitted within 15 days of the Court's denial on en banc reconsideration.

2.    The Court has the authority to grant this motion and submit the case to the full court, sitting en banc. Tex. R. App. P. 49.5, 49.7; *see* Tex. R. App. P. 41.2.

3.    The primary issues on appeal are set forth below, which the Court

resolved by holding against Appellant on each issue.

4.    ISSUE 1:    The Court erred in finding that Appellant never responded to Appellees' no-evidence motions for summary judgment and thus did not raise a genuine issue of material fact.

5.    ISSUE 2:    The Court erred in finding that Real Time Resolutions' no-evidence motion for summary judgment was timely set in compliance with the trial court's docket control order.

6.    ISSUE 3:    The Court erred in allowing evidence of a name change of American Home Mortgage herein when such is not part of the record from the trial court.

7.    The issues in this case present such an extraordinary circumstance that resolution of the issues by the Court en banc is necessary. *See* Tex. R. App. P. 41.2(c), 49.7.

## II. Argument & Authorities

## A.   Issue 1:  The Court erred in finding that Appellant never responded to Appellees' no-evidence motions for summary judgment and thus did not raise a genuine issue of material

**fact.**

8.     Appellant respectfully requests the Court to reconsider its finding that Appellant never responded to Appellees' no-evidence motions for summary judgment and thus did not raise a genuine issue of material fact.

9.     Motions and responses filed in a trial court are determined and evaluated on their substance, not their title. *See* Tex. R. Civ. P. 71; *e.g., State Bar v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980), *Speer v. Stover*, 685 S.W.2d 22, 23 (Tex. 1985), *In re Bokeloh*, 21 S.W.3d 784, 789-90 (Tex.App.—Houston [14th Dist.] 2000, orig. proceeding). A court must "look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it." *State Bar*, 603 S.W.2d at 833. This Court has routinely disregarded misnomers and lackluster pleading titles to evaluate the substance of pleadings and motions. *See Riner v. City of Hunters Creek*, 403 S.W.3d 919, 921-22 (Tex.App.—Houston [14th Dist.] 2013, no pet.).

10.    Although the Court acknowledged that Appellant asserted that his objection to submission of the motions for summary judgment, motion for continuance of the summary judgment hearings, and motion to strike

deemed admissions should have been treated as responses to Appellees' motions for summary judgment, the Court did not find anything responsive to the summary judgment motions. The Court pointed to Appellant's alleged incorporation of the original petition and attachments thereto in his brief and asserted that an inclusion of pleadings is not evidence. While the Court is correct in that a petition in and of itself is not evidence, the evidence attached to a petition is still evidence and can be incorporated into a later motion. Such is routinely done when a plaintiff files a suit on a sworn account or breach of contract and attaches an affidavit and business records to the petition, which said affidavit and business records are then referred to in a later motion. To be clear, however, Appellant did not argue evidence outside of the record herein and certainly wasn't trying to introduce evidence per se into this appeal, but rather was merely arguing the evidence already presented in the record. So the Court's admonishment that Appellant could not have used the petition as evidence in this appeal is misplaced.

11. The Court mistakenly noted that Appellant incorporated his

petition and evidence attached thereto into the documents responsive to Appellees' motions for summary judgment (objection to submission, motion for continuance, and motion to strike), but in his original brief herein, Appellant incorporated the facts and procedural history set forth in those responsive documents into his brief herein. The confusion arises due to incorrect cites to the Clerk Record by Appellant in his brief. Appellant mistakenly cited the original Clerk Record when he intended to cite to the Supplement to the Clerk Record. As the Court will notice, Appellant's motion for continuance is found in pages 25-34 as noted in his brief but it is to the Supplemental Clerk Record, not the Original Clerk Record. Likewise, Appellant's motion to strike is found in pages 35-54 as noted in his brief but it is to the Supplemental Clerk Record, not the Original Clerk Record. Appellant apologizes to the Court for such confusion.

12. In responding to Appellees' summary judgment motions through the responsive documents noted herein, Appellant specifically addressed several of the substantive issues set forth in his brief herein.

13. Appellant set forth in the motion for continuance and motion to

strike deemed admissions the substance of Issue 4 in his brief herein, namely whether or not Deutsche Bank proved that it was the lawful owner and holder of the note upon which the foreclosure was based. In paragraphs 20 and 21 of his motion for continuance, Appellant specifically asserted that Deutsche Bank had failed to prove that it actually owned the note and thus had the authority to foreclose on the note. (SCR 30-31) Appellant specifically asserted that Deutsche Bank had failed to show any proof of a bill of sale or assignment of the note. (SCR 31) In paragraph 17 of his motion to strike, Appellant asserted that Appellees had not proven that Deutsche Bank purchased or was assigned the mortgages from Option One. (SCR 40-41)

14.     Appellant also set forth in the motion for continuance and motion to strike deemed admissions the substance of Issue 3 in his brief herein, namely the lack of proof of the required notice-to-cure prior to the notice of foreclosure. In paragraph 21 of his motion for continuance, Appellant asserted that there was no proof that American Home Mortgage served a proper 20-day notice to cure prior to the notice of acceleration and

foreclosure. (SCR 31) In paragraph 17 of his motion to strike, Appellant asserted that Appellees had failed to prove that the mandatory 20-day notice to cure had been sent before accelerating on the note and foreclosing. (SCR 40-41)

15. Appellant set forth in the motion to strike the substance of Issue 5 in his brief herein, namely the lack of proper substitution of Homeward Residential for American Home Mortgage into the case. In paragraph 4 of the motion to strike, Appellant asserted that such unilateral substitution was illegal because no evidence had ever been presented to the trial court of the change in company name. (SCR 36)

16. Appellant set forth the substance of Issue 6 in his brief regarding the procedural defects in the summary judgment proceedings in his objection to submission, motion for continuance, and motion to strike deemed admissions.

17. Simply because Appellant did not file a document entitled as a response to a summary judgment motion does not mean that Appellant did not indeed respond. It is clear that Appellant timely filed three separate

motions in response to the summary judgment motions and therein included issues the trial court should consider in ruling upon the merits of the summary judgment motions. For example, if Deutsche Bank never provided proof that it owned the note or was properly assigned the note, then how could Deutsche Bank ever prove that it properly foreclosed on the note? In fact, would that not be a fact issue for the fact-finder to determine, because a genuine issue of material fact existed as to whether or not Deutsche Bank had the authority to foreclose? For the trial court to ignore that most basic question, one so fundamental to the wrongful foreclosure claim of Appellant, was clear error. It would have been different if Appellees had in fact produced such evidence. Such an issue could not be disproven by Appellant in response to a no-evidence motion for summary judgment. The burden should never be on the homeowner to prove that it has a scintilla of evidence that an alleged noteholder actually holds the note. Appellant could never provide such a scintilla of evidence in this case because Deutsche Bank never provided proof that it was the legal noteholder. For Deutsche Bank then to file a no-evidence motion for

summary judgment and argue that Appellant loses because he can't show that part of his claim is simply incredulous. Taking someone's home away is so harmful that anyone who dares tries to take it away should be made to show the legal authority for doing so, and Deutsche Bank never did that. Appellant questioned Deutsche Bank's authority from the very beginning, and the trial court erred in allowing Deutsche Bank to win on summary judgment without ever having shown its legal authority upon which it could have foreclosed and taken Appellant's home away from him.

18. It is important to note that the Court dismissed the underlying substance of Appellant's first four points of error regarding the trial court's grant of summary judgment by ruling that Appellant failed to respond to the summary judgment motions. Appellant clearly responded to the summary judgment motions and in responding to the summary judgment motions by way of three different motions raised genuine issues of material fact. Given what's at stake in this case, Appellant's homestead, the Court should reconsider its finding that there was no response by Appellant and address the substantive issues raised by Appellant, because it is clear that

Appellant is correct in the first four issues raised in his brief.

## B. Issue 2: The Court erred in finding that Real Time Resolutions' no-evidence motion for summary judgment was timely set in compliance with the trial court's docket control order.

19.    Appellant respectfully requests the Court to reconsider its finding that Real Time Resolutions timely set its no-evidence motion for summary judgment.

20.    The Court held that the trial court's docket control order provided that Rule 166a(i) motions could not be heard before January 4, 2013. That simply is a mischaracterization of the evidence before the court. The trial court's docket control order did not list any date next to item 7(c) in the docket control order. (CR 183) Thus, contrary to the Court's reading of the trial court's docket control order, the docket control order did not provide that Rule 166a(i) motions could not be heard before January 7, 2013. In fact, the docket control order contemplates that some items may not have dates attached thereto, as noted in the second sentence of the docket control order.

21.    With no date under that particular line item, the only restriction on the summary judgment motions not subject to interlocutory appeal were that they had to be heard by January 4, 2013 as set forth in item 7(b) of the docket control order. The date in item 7(b) wasn't automatically and magically carried over in item 7(c).

22.    The Court acknowledges that Real Time Resolutions' no-evidence motion for summary judgment was set after that date, and the Court issued its opinion herein based on the no-evidence motions for summary judgment, so it was clear error that the trial court considered Real Time Resolutions' no-evidence motion for summary judgment because it was not timely set in compliance with the trial court's own docket control order.

## C.    Issue 3:  The Court erred in allowing evidence of a name change by American Home Mortgage herein when such is not part of the record from the trial court.

23.    Appellant respectfully requests the Court to reconsider its finding that Homeward Residential did not improperly substituted itself into the trial court suit due to a legal name change because such evidence is not

part of the Clerk Record and was only included as new evidence in this appeal, to which Appellant objects.

24.     It is clear that Homeward Residential introduces new evidence into this appeal which cannot be considered by this Court. The Clerk Record does not contain the documents found in Tabs B and C of Homeward Residential's brief herein. Whether or not those documents would have been properly admitted into evidence by the trial court was a decision for the trial court. For example, such documents presented by Homeward Residential were not certified documents of public documents certified by the alleged governmental entities and thus would not have been proper evidence in the trial court. It is unclear as to how the Court can now take evidence that wasn't included in the Clerk Record, make an admissibility determination herein, and then base a finding and ruling in this appeal thereon.

25.     It is clear that such documents were never provided to the trial court in any pleading or any summary judgment proceeding, and thus Appellant was certainly correct in asserting that Homeward Residential

incorrectly substituted itself into the case without any admissible proof of the name change. The fight over that fact of the name change and the admissibility of alleged evidence to support that name change should have been held in the trial court, in this appeal, and Appellant objects to any such evidence becoming new evidence herein and asserts that it was error for this Court to allow such evidence and then make a ruling based on such evidence outside the Clerk Record herein.

26. How could the appellate process truly work if the appellant complains about the lack of evidence at the trial court and then an appellee brings forth that evidence for the first time on appeal? That is fundamentally unfair to the appellant and goes against the function of this Court.

## III. Prayer

27. For these reasons, Appellant asks the Court to grant this motion for rehearing to reconsider the case en banc.

Respectfully submitted,

By: 

BENJAMIN K. SANCHEZ
Texas Bar No. 24006288

Sanchez Law Firm

Houston Bar Center Building

723 Main Street, Suite 515

Houston, TX 77002-3315

T: 713-780-7745

F: 888-201-5941

E: bsanchez@sanchezlawfirm.com

APPELLANT PRO SE

# Unsworn Declaration of Benjamin K. Sanchez

"My name is Benjamin K. Sanchez. My date of birth is May 11, 1969, and my business address is 723 Main Street, Suite 515, Houston, Texas 77002. I declare under penalty of perjury that the facts stated in the foregoing *Appellant's Motion for Rehearing of Motion for En Banc Reconsideration* are true and correct."

Executed in Hawaii County, State of Hawaii, on July 31, 2015.

BENJAMIN K. SANCHEZ

# Certificate of Word Count

I hereby certify that the total number of words in this document, including all signature lines and certificates, is 2,605.

Benjamin K. Sanchez

# Certificate of Service

I hereby certify that the foregoing document was served on Appellees through their counsel of record, pursuant to the Texas Rules of Appellate Procedure, on July 31, 2015, as follows:

**Via E-Service**
Derrick B. Carson
LOCKE LORD LLP
600 Travis, Suite 2800
Houston, TX 77002
Tel:       713-226-1200
Fax:       713-223-3717
E:  dcarson@lockelord.com

**Via E-service**
Anthony A. Petrocchi
WEIL & PETROCCHI, PC
1601 Elm, Suite 1900
Dallas, TX 75201
Tel:       214-969-7272
Fax:       214-880-7402
E:  tpetrocchi@petrocchilaw.net

Counsel for Appellees
DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE,
and HOMEWARD RESIDENTIAL, INC.

Counsel for Appellee
REAL TIME RESOLUTIONS, INC.

Benjamin K. Sanchez